### HUSTON *vs.* CASSEDY.

The rule is inflexible, that a sale made by an administrator, or any other acting in a fiduciary capacity, to himself or for his benefit, will be held void at the instance of the party prejudiced.

The remedy in equity is to set aside the sale on equitable terms, and to treat the administrator as a trustee for the parties in interest.

*McCarter*, for complainant.

*R. Hamilton*, for defendant.

THE CHANCELLOR. On the 25th of December, 1848, Andrew Cassedy, of the county of Sussex, died intestate, leaving eight minor children his heirs at law. Part of his real estate was sold, on the application of his administrators, by order of the Orphans Court for the payment of the debts of the estate. Samuel Cassedy, a brother of the intestate, soon after the sale became the owner of the property. This bill is filed by the children and heirs at law of the intestate. It charges that the sale was illegal and fraudulent as against the heirs, being in reality purchased at the instance of the administrator and for his benefit.

The evidence discloses the following facts: The farm was advertised for sale on the 27th of October, 1849, and was struck off to David Ryerson for $4000. Ryerson sent an agent to attend the sale, and became the purchaser at the special request of Samuel Cassedy, the administrator, and upon the assurance that he should not lose by the purchase. A deed was executed to the purchaser, though he never complied with the conditions of sale, paid no part of the purchase money, and gave no security for its payment. On the 16th of March following the property was exposed by Ryerson to public sale, and struck off to the administrator for the sum of $4826.25. The conditions of this sale were also abandoned. The vendor accepted less than the sum bid at the sale in payment of

the purchase money. What abatement in the price was made does not appear either by the answer of the defendant or by the evidence. All the evidence given upon this point is the statement of the purchaser at the first sale, *viz.* that the advance he received was sufficient to satisfy him for his trouble. Before the purchase Ryerson neither saw the property nor examined the title. While the title continued in him he had no communication with the tenant; he never visited the property nor exercised any act of ownership over it.

At the sale made by the administrators the property was struck off, at the first and only bid that was made, by order of Samuel Cassedy, against the remonstrance of his co-administrator. It was sold for a less price than would have been paid by others who were desirous to purchase, but who were prevented from attending the sale by information derived from one of the administrators, that the sale would not be made upon the first day, but that the terms of sale would be made known, and an opportunity afforded to those desirous of purchasing to make arrangements to comply with the conditions. Cassedy did nothing to enhance the price of the property or encourage bidders, but as far as the evidence shows rather discouraged them. Immediately after the sale he informed his co-administrator that the bid was his—that he could not bear to see the property go into the hands of strangers. At the public sale made by Ryerson, when the property was struck off to the administrator, other persons forbore to bid, from a belief and an understanding prevalent in the neighborhood that the administrator was in fact the owner, and that bids by others would be unavailing. These facts justify the conclusion that Samuel Cassedy, one of the administrators, was in reality the purchaser at the administrators' sale, and that the property was struck off at his instance and for his benefit.

Such sale is invalid. The rule is inflexible, that a sale made by an administrator, or any other acting in a fidu-

ciary capacity, to himself or for his benefit, will be held void at the instance of the party prejudiced by such sale, and the purchaser regarded in equity as a trustee. *Davoue* v. *Fanning*, 2 *J. C. R.* 252; *Michoud* v. *Girod*, 4 *Howard* 503; *Scott* v. *Gamble*, 1 *Stockt.* 235; *Mulford* v. *Bowen*, 1 *Stockt.* 797; *Obert* v. *Obert*, 2 *Stockt.* 98; *S. C. on appeal*, 1 *Beasley* 423.

It has been held by the Supreme Court of this state that a sale made by an administrator is void at law, or if not absolutely void is voidable in a court of law at the instance of the *cestui que trusts* or their heirs. *Winans* v. *Brookfield*, 2 *South.* 847; *Den* v. *Wright*, 2 *Halst.* 175; *Den* v. *McKnight*, 6 *Halst.* 385; *Den* v. *Hammell*, 3 *Harr.* 74. But see *Runyon* v. *Newark India Rubber Co.*, 4 *Zab.* 467.

The remedy in equity is to set aside the sale upon equitable terms, and to treat the administrator as a trustee for the parties in interest.

The sale must be set aside upon the usual terms.

Upon the evidence now before the court, I deem it equitable, and shall so direct, unless the complainant show cause to the contrary, that it be referred to a master to take an account of the full and fair value of the farm at the time of the sale by the administrators at a fair sale upon the usual credit, and after deducting from such value the sum for which the defendant has already accounted to the estate of the said Andrew Cassedy, deceased, to take and state an account of what is now due from the defendant on account of such purchase, with interest.